J-S03031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: K.D. A/K/A K.A.D., A MINOR | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.M. A/K/A J.M.M. A/KA J.D. A/K/A J.M.D. A/K/A J.M.D. A/K/A J.M.M. A/K/A J.M.M., MOTHER | : : : : : | |
| | : | No. 698 WDA 2024 |

Appeal from the Order Entered May 14, 2024
In the Court of Common Pleas of Washington County Orphans' Court at
No(s): 63-23-1632,
CP-63-DP-0000002-2023

| | | |
|---|---|---|
| IN RE: ADOPTION OF M.D. A/K/A M.M.D., A MINOR | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.M. A/K/A J.M.M. A/KA J.D. A/K/A J.M.D. A/K/A J.M.D. A/K/A J.M.M. A/K/A J.M.M., MOTHER | : : : : : | |
| | : | No. 699 WDA 2024 |

Appeal from the Order Entered May 14, 2024
In the Court of Common Pleas of Washington County Orphans' Court at
No(s): 63-23-1631,
CP-63-DP-0000172-2021

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

DISSENTING MEMORANDUM BY SULLIVAN, J.: **FILED: May 15, 2025**

While I have no disagreement with the Majority's analysis of the merits of this matter, because I believe the Orphans' Court failed to comply with the Supreme Court's directives as enunciated in ***In re Adoption of K.M.G.***, 240 A.3d 1218 (Pa. 2020), I am constrained to respectfully dissent.

In **K.M.G.**, the Supreme Court held "where an [O]rphans' [C]ourt has appointed a GAL/Counsel to represent both the child's best interests and legal interests, appellate courts should review *sua sponte* whether the [O]rphans' [C]ourt made a determination that those interests did not conflict." **Id**. at 1235. The Court gave clear parameters to the appellate courts of what they may assess, indicating that we should narrowly determine "whether the [O]rphans' [C]ourt determined that the child's best interests and legal interests did not conflict," not whether substantively "the GAL/Counsel had a conflict in representing both a child's legal interests and best interests." **Id**. at 1236. The Court indicated this review requires a "binary, record-based determination[] . . . whether the **[O]rphans' [C]ourt** determined that the child's best interests and legal interests did not conflict, [with the inquiry] involv[ing] a yes or no answer that can be addressed by a review of the **[O]rphans' [C]ourt order (or lack thereof)** . . . ." **Id**. (emphasis added) The Court also noted this "limited review strikes an appropriate balance between protecting children who cannot assert their own right to counsel, while insuring the least disruption . . . .[,]" **id**.; however, other than the particular substantive and procedural facts in **K.M.G.**, guidelines for what suffices as an **Orphans' Court determination** are not clear.[1]

_____

[1] This Court has remanded more than forty cases for failure to comply with **K.M.G.** since the decision in 2020, with at least eight such cases in 2024 alone.
*(Footnote Continued Next Page)*

The **K.M.G.** Court held the Orphans' Court, **before** appointing the GAL to act as legal counsel, must make an independent determination that there is no conflict of interest between the differing roles of GAL and legal counsel. **See id**.  The Court did not indicate what particular timing satisfies the requirement the determination be made "**before** appointment," but in **K.M.G.**, the Orphans' Court Order addressing the Court's conflict determination and appointing the GAL was filed on January 8, 2018, approximately one month before the termination of parental rights hearing.  **Id.** at 1226.  Furthermore, while the **K.M.G.** Court did not mandate a written court order appointing counsel, the Court reviewed the written order from the Orphans' Court.  **Id.** at 1242-43.  **K.M.G.** establishes that an appointment well in advance of the termination hearing with an accompanying written order shows that the court made an independent conflict determination prior to appointment.  However, **K.M.G.** does not provide clear parameters of what does **not** suffice as an

_____

**See e.g., In re Adoption of A.G.R.**, 315 A.3d 51 (Pa. Super. 2024) (unpublished memorandum, at *3) (remanding where the Orphans' Court delegated its prescribed role of determining whether counsel could represent the dual interests of Children to Attorney Roland); **see also In re Adoption of K.L.B.,** 324 A.3d 1225 (Pa. Super. 2024) (unpublished memorandum at *3) (remanding where, for the first time, **in its Rule 1925(a)** opinion the trial court noted the dual nature of Attorney Father's representation and provided an after-the-fact determination that the Children's best interests and legal interests did not conflict); **In re Adoption of L.P.D.**, 321 A.3d 971 (unpublished memorandum at *3) (remanding where, upon review of certified record no order existed indicating consideration of appointment or conflict determination, and only place in certified record mentioning conflict determination was the dually appointed attorney noting at the termination hearing that "she met with Child 'several times' and she determined that she does not 'have a conflict between his stated and best interests'").

independent review before appointment of the GAL as legal counsel as required.

Moreover, our Supreme Court clearly stated that, on appeal, it is incumbent upon this Court to ensure that the Orphans' Court complied with this mandate. **See id**.

In a recent opinion, this Court held that the Orphans' Court did not comply with **K.M.G.**, where, in its appointment order, the court merely asked counsel to notify it if any possible conflict arose. **See Matter of Adoption of A.C.M.**, --- A.3d ---, 2025 WL 840191, at \*\*3-4 (Pa. Super. Mar. 18, 2025). Moreover, I do not believe **K.M.G.** compliance occurs when, **following appointment**, the Orphans' Court simply asks the GAL/counsel at the termination hearing (essentially at the bar of the court immediately prior to the termination hearing) whether there is a conflict, accepts a bald answer from counsel, and makes no further inquiry or finding. **See In re Adoption of L.B.M**., 161 A.3d 172, 183 (Pa. 2017) ("In . . . [termination of] [parental] [rights] cases[,] critical rights are at stake. . . . [O]ur General Assembly has decided that counsel for the child is required because of the primacy of children's welfare, the fundamental nature of the parent-child relationship[,] and the permanency of termination."); **A.C.M.**, **supra** at \*\*3-4.

Here, a binary, record-based review of the certified record in this appeal revealed two sets of orders that mentioned the appointment of counsel for children at the termination hearing. **See** Order, 10/13/23; Order of Appearance, 2/7/24. The first set of orders appointed Erin Dickerson, Esquire,

to "represent the minor child[ren]" in the termination hearing. Order, 10/13/23. The second set of orders appointed "Erin Dickerson, Esquire . . . **as guardian ad litem**" for children. Order, 2/7/24. None of the orders mentioned a conflict determination. *Id*. The only record-based mention of a conflict determination occurred on the first day of the termination hearing wherein appointed counsel, without prompting from the Orphan's Court, identified herself as "child[ren's] counsel," noted she was GAL in the dependency proceedings, and stated "there [was] no conflict in position in my r[o]le as guardian *ad litem* and legal counsel," to which the court replied, "Very good. Thank you." N.T., 4/4/24, at 9. Given the lack of a written order indicating an independent conflict determination, and no written record indicating an independent consideration of a conflict determination other than the day of the hearing when counsel put her determination on the record and the court's wholesale adoption thereof, I do not believe this complies with the directives of **K.M.G.** to make an independent conflict determination before appointment.

While the learned Majority's substantive analysis is well reasoned — and I am loathe to disrupt the much-needed finality for these children — given the reasoning in **K.M.G.**, on the record facts I am compelled to dissent. Thus, I

would vacate the decree in this matter and remand to the Orphans' Court for the limited purpose of creating a record in compliance with **K.M.G.** [2]

_____

[2] The record shows that the children were relatively young. By the time of the hearings, M.D. was almost five years old, and K.D. was only one-and-one-half years old. But, from the record before us, there was no indication that the GAL or the Orphan's Court considered whether M.D. and K.D. may have been too young to be capable of expressing a preference in the outcome. ***See In re T.S.***, 192 A.3d 1080, 1088 (Pa. 2018) (stating "where a child is too young to express a preference, it would be appropriate for the GAL to represent the child's best and legal interests simultaneously"). Ordinarily, we could conclude K.D. was too young to express a preference; however, under the circumstances of this case, where M.D. and K.D. were in the same foster home and the termination of parent's rights occurred at the same time, consistency and uniformity warrant the vacation of the decrees as to both children. In the event that the trial court finds either, or both of, M.D.'s or K.D.'s preferred outcomes are not ascertainable, the law does not require appointment of another lawyer to advance unknowable preferences. ***See Interest of Z.N.F.***, 212 A.3d 548, 550-51, 553-54 (Pa. Super. 2019).